# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KAREN MARCELLINO<br>c/o Attorney Michela Huth<br>PO Box 17<br>Bolivar, Ohio 44612<br><br>       Plaintiff,<br><br>v.<br><br>GEAUGA COUNTY HUMANE SOCIETY, INC.<br>c/o Statutory Agent<br>Todd C. Hicks<br>100 7th Avenue, Suite 150<br>Chardon, Ohio 44024<br><br>and<br><br>CHRISTIAN COURTWRIGHT<br>individually and in his official capacity.<br>c/o Statutory Agent<br>Todd C. Hicks<br>100 7th Avenue, Suite 150<br>Chardon, Ohio 44024<br><br>and<br><br>DOES 1-200<br>individually and/or in their official capacities.<br>c/o Statutory Agent<br>Todd C. Hicks<br>100 7th Avenue, Suite 150<br>Chardon, Ohio 44024<br><br>and<br><br>BIANCA MARCELLINO<br>7724 Wilson Mills Road<br>Chesterland, Ohio 44026<br><br>       Defendants. | Case No.<br><br>JUDGE<br><br>**VERIFIED**<br>**COMPLAINT**<br>**CIVIL RIGHTS ACTION**<br>**(42 U.S.C. § 1983)**<br>**DECLARATORY RELIEF, AND**<br>**PRELIMINARY AND PERMANENT**<br>**INJUNCTION.**<br><br>**[JURY DEMAND ENDORSED HEREON]**<br><br>**(Oral Argument Requested)** |

COMES NOW, Karen Marcellino, and files her Verified Complaint against Defendants Geauga County Humane Society, Christian Courtwright, and Bianca Marcellino.

## I. INTRODUCTION

Defendants GEAUGA COUNTY HUMANE SOCIETY, CHRISTIAN COURTWRIGHT and DOES 1-200, had no authority under Ohio Revised Code § 959.13, and under the United States Constitution, to seize[1] and retain Karen Marcellino's horses. Defendants' acts in seizing and retaining her horses, violates her right against unreasonable seizure under the Fourth Amendment to the United States Constitution, and also violates the mandated due process under the Fourteenth Amendment of the United States Constitution. Additionally, R.C. 959.13 is unconstitutional both on its face and as applied, and R.C. 959.99(D) is unconstitutional as applied.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction as Plaintiff's claims are based upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States.

2. This Court has jurisdiction pursuant to § 1331 of the Judicial Code (28 U.S.C.A § 1331) as this is a civil action arising under the Constitution of the United States.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) as this action seeks to remedy deprivations, under color of law, of Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and applicable federal laws.

---

[1] If the seizure of Karen Marcellino's horses was done pursuant to a search warrant, Karen Marcellino has no standing to challenge the warrant. She takes no position on whether the seizure pursuant to the warrant was lawful or not.

2

4. Plaintiff's claims for attorney's fees and costs are predicated upon 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing parties pursuant to 42 U.S.C § 1983.

5. Venue is conferred by 28 U.S.C § 1391(b) and as Defendants are located in Geauga County, Ohio, and the events giving rise to this claim occurred in Geauga County, Ohio.

### III. JURY DEMAND

6. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury in this action.

### IV. PARTIES

7. Plaintiff KAREN MARCELLINO ("Marcellino") is a resident of the city of Eastlake, Ohio, which is located in Lake County, Ohio, and is the owner of two horses, which are currently in the possession of Defendants GEAUGA COUNTY HUMANE SOCIETY.

8. Defendant GEAUGA COUNTY HUMANE SOCIETY is purportedly a 501(c)(3) non-profit organization, whose physical location in Geauga County at 15463 Chillicothe Road, Russell Township, Ohio 44072, and pursuant to R.C. 1717.06 has authority to prosecute persons under Ohio's animal cruelty statutes.

9. Defendant CHRISTIAN COURTWRIGHT is employed by Defendant GEAUGA COUNTY HUMANE SOCIETY, and is GEAUGA COUNTY HUMANE SOCIETY's humane agent.

10. Defendant DOES 1-200 are unknown and unnamed Defendants who either are employed by Defendant GEAUGA COUNTY HUMANE SOCIETY or acted in an agency capacity.

11. Defendant BIANCA MARCELLINO had possession of KAREN MARCELLINO's horses prior to them being seized by GEAUGA COUNTY HUMANE SOCIETY. She has been

prosecuted by GEAUGA COUNTY HUMANE SOCIETY, by and through their private attorney, Jeffrey Holland. She was convicted in the Chardon Municipal Court, Geauga County, Ohio of violating R.C. 959.13 and will be sentenced on Tuesday, March 5, 2019.

## V.      FACTS[2]

12. Defendant KAREN MARCELLINO is the owner of two horses, which have been in the possession of Defendant GEAUGA COUNTY HUMANE SOCIETY, CHRISTIAN COURTWRIGHT, and DOES 1-200, since June 1, 2018.

13. In February of 2018 KAREN MARCELLINO,

   a. Purchased two horses from a kill-pen in Texas;

   b. Paid for them to be transported to Ohio.

   c. Received the two horses on or about February 22, 2018.

   d. Named them Dreamer and Ferrari.

   e. Placed them for boarding at Defendant BIANCA MARCELLINO's property at 7224 Wilson Mills Road, Chesterland, Geauga County, Ohio.

14. On February 22, 2018 BIANCA MARCELLINO,

   a. Received KAREN MARCELLINO's two horses,

   b. Began boarding KAREN MARCELLINO's two horses.

15. On June 1, 2018, COURTWRIGHT,

   a. Obtained a search warrant;

   b. Entered BIANCA MARCELLINO's property;

   c. Seized KAREN MARCELLINO's horses from BIANCA MARCELLINO's property.

16. COURTWRIGHT, GEAUGA COUNTY HUMANE SOCIETY, and DOES 1-200,

---

[2] Affidavit of Plaintiff KAREN MARCELLINO is attached as Exhibit A.

    a.  At all times relevant to this case, knew that BIANCA MARCELLINO was not the owner of the horses it seized.

    b.  At all times relevant to this case, knew that KAREN MARCELLINO is and was the owner of the two horses seized from BIANCA MARCELLINO's property.

17.    On August 1, 2018, GEAUGA COUNTY HUMANE SOCIETY and COURTWRIGHT, filed two criminal complaints against BIANCA MARCELLINO in the Chardon Municipal Court, Geauga County, Ohio.[3]

18.    The first criminal complaints alleges BIANCA MARCELLINO "did torture an animal, to wit one gelding horse known as "A", * * * in violation of Ohio Revised Code §959.13(A)(1)."[4]

19.    The second criminal complaint alleges BIANCA MARCELLINO "did torture an animal, to wit one gelding horse known as "B", * * * in violation of Ohio Revised Code §959.13(A)(1)."[5]

20.    On February 21, 2019 BIANCA MARCELLINO was convicted of both counts of violating R.C. 959.13(A)(1).

21.    BIANCA MARCELLINO will be sentenced on Tuesday, March 5, 2019.

22.    Jeffrey Holland,

    a.  is the prosecutor, representing GEAUGA COUNTY HUMANE SOCIETY and COURTWRIGHT in the criminal prosecutions against BIANCA MARCELLINO.

    b.  Holland is a partner at Holland & Muirden.

    c.  On February 22, 2019 publicly announced on Holland & Muirden's Facebook page, that on Tuesday, March 5, 2019, the State court may order BIANCA MARCELLINO to forfeit her mother's horses,

---

[3] Exs B & C.
[4] Ex. D.
[5] Ex. E.



d. On or about February 22, 2019, publicly announced that "we" will be seeking forfeiture of Karen Marcellino's horses,



23. There are no allegations in BIANCA MARCELLINO's criminal case, or anywhere else, that KAREN MARCELLINO had knowledge of, or participated in the allegations of abuse, nor was she charged with any crime.

24. KAREN MARCELLINO, is an innocent owner of the two horses which have been seized, retained, and which will most likely will be forfeited on March 5, 2019..

25. Defendants GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT, and DOES 1-200 have never given KAREN MARCELLINO any notice or opportunity to be heard on the seizure, retention, and forfeiture of her horses.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1983

---

[6] Exhibit B, page 8, available at https://www.facebook.com/HollandMuirden.
[7] *Id.*

6

**Fourth Amendment**
**Unreasonable Seizure of Property**
**(Against Defendants GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT, and DOES 1-200)**

26. Plaintiff hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

27. KAREN MARCELLINO has a property interest in the horses she owns.

28. GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT, and DOES 1-200, meaningfully interfered with KAREN MARCELLINO possessory interest in her property.

29. GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT, and Does 1-200, acted under color of law.

30. GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT, and Does 1-200, unreasonably seized[8] KAREN MARCELLINO's property, when subsequent to the initial seizure on June 1, 2018, they retained the horses, with no legal authority to do so, and no governmental interest justifying the retention.

31. The act(s) of GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT and DOES 1-200, violated KAREN MARCELLINO's constitutional right to be free from unreasonable seizure under the Fourth under the United States Constitution.

**COUNT II**
**42 U.S.C. § 1983**
**Fourteenth Amendment**
**Due Process**
**(Against Defendants GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT, and DOES 1-200)**

---

[8] For purposes of this Verified Complaint, Plaintiff is not contending that the initial seizure was unreasonable.

7

32.     Plaintiff hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

33.     KAREN MARCELLINO has a property interest in the horses she owns.

34.     GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT and DOES 1-200 acted under color of law.

35.     GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT and DOES 1-200 knew that KAREN MARCELLINO owned the horses they seized.

36.     GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT and DOES 1-200, deprived KAREN MARCELLINO of her interest in her property.

37.     GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT and DOES 1-200, failed to provide KAREN MARCELLINO with an opportunity to contest the retention of her property.

38.     GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT and DOES 1-200, failed to provide KAREN MARCELLINO with an opportunity to contest the looming March 5, 2019 forfeiture of her property.

39.     GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT and DOES 1-200, violated KAREN MARCELLINO's fundamental right to notice and an opportunity to be heard in a meaningful time and a meaningful manner.

### COUNT III
### 42 U.S.C. § 1983
### Ohio Revised Code § 959.13
### Facially Invalid

40.     Plaintiff hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

41.     Ohio Revised Code §959.13 does not authorize seizure of animals.

8

42. R.C. §959.13 fails to provide any notice or opportunity to be heard in a meaningful time and meaning manner when the government has seized a person's property.

43. R.C. §959.13 fails to give an innocent owner an opportunity to contest the seizure of her or his animals.

44. R.C. §959.13 is unconstitutional on its face.

## COUNT IV
## 42 U.S.C. § 1983
## Ohio Revised Code §959.13
## Invalid As Applied

45. Plaintiff hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

46. GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT, and DOES 1-200 unlawfully seized and retained KAREN MARCELLINO's horses, and failed to provide her with an opportunity to contest the seizure.

47. GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT, and DOES 1-200 unlawfully seized and retained KAREN MARCELLINO's horses, and failed to provide her with an opportunity to contest the impending forfeiture.

48. R.C. 959.13 does not permit GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT, and DOES 1-200 to seize property under that statute.

49. R.C. 959.13 does not permit GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT, and DOES 1-200 to retain seized property under that statute.

50. Defendants, acting under color of state law, are depriving Plaintiff and others of their rights secured by the Fourth Amendment right to be free from unreasonable seizure and the Due

Process Clause of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. 1983.

## COUNT V
## 42 U.S.C. § 1983
## Ohio Revised Code §959.99
## Invalid As Applied

51. Plaintiff hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

52. Ohio Revised Code §959.99(D) authorizes "the court", as part of the penalty for a conviction of R.C. 959.13, "order the offender to forfeit the animal or livestock * * * ."

53. As applied to KAREN MARCELLINO, that section of the penalty statute is unconstitutional as applied.

54. R.C. §959.99(D) does not differentiate between animals owned by a defendant and a non-defendant owner.

55. To the extent that this penalty statute allows forfeiture of animals owned by non-defendants, without giving notice and an opportunity for that owner to contest forfeiture, this violates both the Fourth and Fourteenth Amendments.

56. To the extent that this penalty statute allows forfeiture of animals owned by non-defendants, without taking into account the innocent owner, who is not culpable of the animal abuse, nor has knowledge of the abuse, violates both the Fourth and Fourteenth Amendments.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff KAREN MARCELLINO requests that this Court grant her the following relief:

A. Adjudge and declare pursuant to 28 U.S.C. § 2201, that, 1) Defendants GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT, and DOES 1-200, and their agents, officials, and employees violated the rights of Plaintiff KAREN MARCELLINO under the Fourth and Fourteenth Amendments to the U.S. Constitution; 2) R.C. 959.13 is unconstitutional as applied and on its face; and 3) R.C. 959.99(D) is unconstitutional as applied.

B. Grant Plaintiff KAREN MARCELLINO a temporary restraining order against Defendants, as well as their officers, agent, employees, attorneys, and all other persons acting in concert or participation with them, requiring them to immediately return her horses to her possession.

C. Grant Plaintiff KAREN MARCELLINO a preliminary and permanent injunction against Defendants as well as their officers, agent, employees, attorneys, and all other persons acting in concert or participation with them, 1) enjoining and restraining them from seizing and retaining animals pursuant to R.C. 959.13; 2) enjoining them from enforcing R.C. 959.13 based upon both its facial and as applied unconstitutionality; 3) enjoining them from enforcing R.C. 959.13 as it violates both the Fourth and Fourteenth Amendments to the United States Constitution; and 4) enjoining them from enforcing R.C. 969.99(D) as it violates both the Fourth and Fourteenth Amendments to the United States Constitution and is unconstitutional as applied to Plaintiff.

D. Award Plaintiff, pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 2201, the costs of this suit and reasonable attorneys' fees and litigation expenses;

E. Retain jurisdiction of this case until Defendants GEAUGA COUNTY HUMANE SOCIETY, COURTWRIGHT, and DOES 1-200 have fully complied with the orders of

this Court, and there is a reasonable assurance that those Defendants will continue to comply in the future absent continuing jurisdiction;

F. Award an amount to be determined by the jury for the violation of Plaintiff's constitutional rights.

G. Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

 /s/ Michela Huth
MICHELA HUTH
(OH Reg. No. 0091353)
PO Box 17
Bolivar, OH 44612
Phone:  330-440-4027
Email:  michelahuth.esq@gmail.com
*Attorney for Plaintiff*

/s/ Richard Rosenthal
RICHARD BRUCE ROSENTHAL
(NY Reg. No. 1637677)
120-82 Queens Blvd.
Kew Gardens, NY 11415
Phone: 718-261-0200
Fax: 718-793-2791
Email: richard@thedoglawyer.com
*Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues raised in this Complaint as set forth in this pleading.

 /s/ Michela Huth
MICHELA HUTH