IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KAREN MARCELLINO,** | ) | **CASE NO. 1:19-CV-459** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **GEAUGA COUNTY HUMANE** | ) | |
| **SOCIETY,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

BRIEF IN OPPOSITION OF DEFENDANTS GEAUGA HUMANE SOCIETY,
CHRISTIAN COURTWRIGHT, AND DOES 1-200
TO PLAINTIFF'S 60(b) MOTION FOR RELIEF FROM ORDER

Now come Defendants Geauga Humane Society[1], Christian Courtwright, and Does 1-200 (collectively "GHS"), by and through the undersigned counsel, and pursuant to Fed.R.Civ.P. 60(b), respectfully submit their brief in opposition to Plaintiff's 60(b) Motion for Relief from Judgment ("Motion") in the above-captioned matter.

On March 1, 2019, Plaintiff filed a Verified Complaint Civil Rights Action, Declaratory Judgment, and Preliminary and Permanent Injunction (the "Complaint") asserting that she is the owner of two horses who, at the time of filing, were subject to forfeiture as a possible sentence as a result of a jury verdict in which her daughter, Defendant Bianca Marcellino, was found guilty of two counts of animal cruelty of those same two horses. After a teleconference with counsel and all parties except for Plaintiff[2], this Honorable Court dismissed the Complaint without prejudice.

---

[1] Plaintiff inaccurately named the Geauga Humane Society as the Geauga County Humane Society, Inc. in her filings.
[2] Initially, Plaintiff was part of the teleconference, but hung up and disconnected from the teleconference prior to this Honorable Court addressing counsel and the parties.

On March 6, 2019, Plaintiff filed her Motion, asserting that, pursuant to Fed.R.Civ.P. 60(b), this Honorable Court must re-open the matter because on March 5, 2019, the Chardon Municipal Court ordered the two horses forfeited to GHS as part of Bianca Marcellino's sentence. Plaintiff contends she is the true owner of the horses and that she has been denied due process. Plaintiff urges this Honorable Court to exercise its jurisdiction despite the following facts: (1) the horses have been in the custody of GHS since June of 2018 and she never made any claim of ownership of the horses until a few days before Bianca Marcellino's sentencing hearing; (2) Plaintiff testified at Bianca Marcellino's criminal trial in the Chardon Municipal Court and she made no mention of owning the horses; in fact, she testified that she helped her daughter purchase the horses; and (3) the Chardon Municipal Court heard and then denied a Motion to Intervene filed by Plaintiff in the criminal case. The Chardon Municipal Court concluded that the evidence established that Bianca Marcellino, not Plaintiff, was the owner of the horses.

Plaintiff's Motion, however, is a nullity because this matter was dismissed without prejudice. Here, there is no final judgment or order from which Plaintiff may seek relief pursuant to Fed.R.Civ. P. 60(b) and, moreover, the dismissal without prejudice relieves this Honorable Court of all jurisdiction over the matter and the action is treated as though it had never commenced. See, *Thomas v. Denno*, 2013 WL 587663 (N.D. Ohio 2013), citing *Gunther v. Ohio Dept. Of Corrections*, 198 F.3d 245 (6th Cir.1999) (plaintiff's post judgment "motion to reopen" was properly deemed filed under Fed.R.Civ.P. 60(b) and the district court's denial of the motion to reopen did not constitute an abuse of discretion because the plaintiff's option was to file a new lawsuit, not reopen the dismissed lawsuit); see also, *State ex rel. DeDonno v. Mason*, 128 Ohio St.3d 412, 945 N.E.2d 511, 2011-Ohio-1445, at ¶2 (2011) ("[o]rdinarily, a dismissal 'other than on the merits' does not prevent a party from refiling and, therefore, ordinarily, such a dismissal is

not a final, appealable order"); *Stafford v. Hetman*, 8th Dist. Cuyahoga No. 72825, 1998 WL 289383 (June 4, 1998) (there is no final, appealable order where the trial court ruled on a motion for relief from judgment, which judgment was a dismissal without prejudice, because a dismissal without prejudice leaves the parties in a position as if the case had never been commenced and a motion for relief from judgment from such dismissal is a nullity, "thereby rendering the trial court's ruling on the motion a nullity.")

Because this Honorable Court dismissed Plaintiff's Complaint without prejudice, Plaintiff's Motion is a nullity and this matter is treated as though it was never commenced. Therefore, Plaintiff's Motion should be denied by this Honorable Court.

Respectfully submitted,

/s/ Bridey Matheney
Todd C. Hicks, Esq. (#0063255)
Brandon D. R. Dynes, Esq. (#0068246)
Bridey Matheney, Esq. (#0070998)
Thrasher, Dinsmore & Dolan LPA
100 7th Avenue, Suite 150
Chardon, Ohio 44024
T: 440-285-2242; F: 440-285-9423
Email: THicks@tddlaw.com;
BDynes@tddlaw.com; and
BMatheney@tddlaw.com
Attorney for Defendants,
Geauga Humane Society, Christian Courtwright and Does 1-200

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2019, a copy of foregoing Brief in Opposition of Defendants Geauga Humane Society, Christian Courtwright and Does 1-200 to Plaintiff's 60(b) Motion for Relief from Order was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

/s/ Bridey Matheney
Bridey Matheney (#0070998)
One of the Attorneys for Defendants
Geauga Humane Society, Christian
Courtwright, and Does 1-200